UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-1337-JBM |
| | ) |
| RONDA Y. GUYTON et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail ("Jail"), pursues this action against eighteen defendants. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff names eighteen defendants and challenges various conditions and incidents at the Jail, including but not limited to challenges to the physical conditions and cleanliness of the Jail, denials of dayroom access, a lack of adequate response to anal bleeding, and racial slurs.

These allegations are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R.

Civ. P. 18, 20; <u>Kadamovas v. Stevens</u>, 706 F.3d 843 (7th Cir. 2013)(court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'")(quoted cite omitted); <u>Wheeler v. Wexford Health Sources, Inc.</u>, 689 F.3d 680, 683 (7th Cir. 2012)("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . .").

Plaintiff's allegation that he told all the defendants about the alleged problems does not make these separate incidents part of the same transactions or occurrences. Additionally, the appropriate defendant for a systemic challenge to the conditions at the Jail would be someone who could do something about those conditions, not every person whom Plaintiff told about the problem.

Additionally, Plaintiff's list of his prior federal lawsuits is not true. Plaintiff asserts that he brought only one other federal lawsuit [Compl. p. 4], but a search of computerized records show that he brought at least six federal lawsuits before this one. Two were dismissed for failure to state a claim,[1] and four were dismissed for failure to prosecute and/or follow court orders.[2] Another case recently filed by Plaintiff, 22-cv-1026 (CDIL), was dismissed a few days ago for failing to file a petition to proceed in forma pauperis as ordered by the court.

Plaintiff's pattern of abandoning his cases and failing to follow court orders is, in the Court's opinion, an abuse of process—the pursuit of lawsuits for "something other than a

---

[1] 17-cv-681 (S.D. Ill) and 19-cv-1206 (C.D. Ill.)
[2] 19-cv-1407 (C.D. Ill.); 19-cv-1420 (C.D. Ill.); 19-cv-1173 (C.D. Ill.); 20-cv-1137 (C.D. Ill.). Case 19-cv-1407 was dismissed after Plaintiff failed to appear at his deposition and for "repeated failure to follow Court orders and failure to prosecute with due diligence." 19-cv-1407 (3/29/21 order). Case 19-cv-1420 was dismissed for failure to participate in the discovery process and respond to motions. 19-cv-1420 (3/9/21 order). Case 19-cv-1173 was dismissed after repeated orders were returned as undeliverable. (9/7/21 order.) Case 20-cv-1137 was dismissed for failure to file an amended complaint even though given months to do so. (2/19/21 Order.)

judgment, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits or simply immiserating him." West v. West, 694 F.3d 904, 906 (7th Cir. 2012). Scarce judicial resources have been wasted as have the resources of the defendants and defense counsel in those cases.  For cases proceeding in forma pauperis, an abuse of process warrants dismissal.  Id. (abuse of process is "an apt basis for a court's exercise of its common law power to protect itself from litigants' abuses of the litigation process. Abuse of process might also be thought "malicious" within the meaning of section 1915.")(citations omitted); Reddick v. Walker, 2016 WL 7549788 (C.D. Ill.)("In the context of § 1915(e)(2), malicious means that the lawsuit is "intended to harass."); 28 U.S.C. § 1915(e)(1)(B)(i)("court shall dismiss the case any time if the court determinate that--. . .the action or appeal is frivolous or malicious.").

Additionally, Plaintiff's failure to mention his two cases which were dismissed for failure to state a claim are material omissions because those cases are strikes under 28 U.S.C. § 1915(g). Greyer v. IDOC, 933 F.3d 871, 880 (7th Cir. 2019)(inmate's omission of a case dismissed as frivolous, malicious, or for failure to state a claim is a material omission).  The Court discerns no basis to reasonably infer that the omissions were unintentional.  Plaintiff admitted in the complaint he filed in case 20-cv-2237 (CDIL, d/e 1, p. 3), that he had five prior lawsuits, not just one as he professed in this lawsuit.  Further, Plaintiff knew before filing this lawsuit that he had two strikes.  In case 19-cv-1206 (CDIL), the dismissal for failure to state a claim specifically informed Plaintiff that the dismissal counted as a strike.  19-cv-1206, 10/29/19 order, p. 6. Plaintiff was aware of that order because he appealed that order.  *See* Seventh Circuit Appeals case 19-3224 (dismissed on January 31, 2020 for failure to pay the appellate filing fee).  Plaintiff was also specifically told in case 17-cv-681 (SDIL) that the dismissal was a strike.  17-cv-681 (SDIL, 9/26/2017 order.)  These intentional, material omissions are further evidence of  "'bad

faith or a willful abuse of the judicial process.'" Sanders v. Melvin, 25 F.4th 475, 485 (7th Cir. 2021)(quoting Ebmeyer v. Brock, 11 F.4th 540, 546 (7th Cir. 2021)).

This Court, therefore, determines that this action is malicious within the meaning of 28 U.S.C. § 1915(e)(1)(2)(B) and must be dismissed in its entirety.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis is granted on grounds of indigency. [3.] The clerk is directed to assess the initial partial filing fee after receiving the remainder of Plaintiff's trust fund ledgers and to collect the $350.00 filing fee in installments until the full filing fee is collected.

2) This action is dismissed with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This case is closed.

3) The clerk is directed to record this dismissal as a strike in the District's internal log.

March 8, 2022　　　　　　　　　　　　　　　　　s/Joe Billy McDade
ENTERED　　　　　　　　　　　　　　　　　　　JOE BILLY McDADE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE